IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAUDE CARR, | ) No. C 09-1199 MMC (PR) |
| Plaintiff, | ) **ORDER OF DISMISSAL** |
| v. | ) |
| ACCESS SECUREPAK, KTV USA, INC., | ) |
| Defendants. | ) |

On March 19, 2009, plaintiff, a California prisoner incarcerated at Salinas Valley State Prison, and proceeding pro se, filed the above-titled civil rights action under 42 U.S.C. § 1983. By separate order filed concurrently herewith, plaintiff has been granted leave to proceed in forma pauperis.

**DISCUSSION**

A.  Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

B.   Plaintiff's Claim

Plaintiff claims he bought a defective television that was manufactured by defendant corporation KTV USA, Inc., of East Rutherford, New Jersey, and sold to him by defendant vendor Access SecurePak of Sparks, Nevada. Plaintiff attempted to have the television repaired at no expense by KTV USA, Inc., but was told that the television is out of warranty and plaintiff must therefore pay for the repairs. Plaintiff filed a complaint with the California Division of Consumer Affairs, who investigated the matter and confirmed the representations made by KTV USA, Inc., to plaintiff.

Plaintiff asks the Court to initiate an investigation into whether defendants have engaged in "manufacturing fraud," and seeks monetary damages from defendants in the amount of $10,000.

Plaintiff's action is filed on a form for complaints brought under 42 U.S.C. § 1983. Here, however, no grounds for relief under § 1983 exist because plaintiff's assertion that he was defrauded by private entities does not allege the violation of a constitutional right, an essential element of a claim under 42 U.S.C. § 1983. See West, 487 U.S. at 48. Additionally, a private entity does not act under color of state law, also an essential element of a § 1983 claim. See Gomez v. Toledo, 446 U.S. 635, 640 (1980). In sum, the element of state action necessary for a claim under 42 U.S.C. § 1983 is missing from the instant action. See West, 487 U.S. at 48.

Further, although the named defendants are citizens of states other than California, there is no diversity jurisdiction over plaintiff's claims. The district court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). Here, diversity jurisdiction does not exist because plaintiff has claimed

2

damages in the amount of $10,000, well below the jurisdictional minimum. Plaintiff's complaint asserts a claim for damages for manufacturing defects, the recourse for which, if any, lies in state court.

Based on the above, the complaint will be dismissed. Such dismissal will be without leave to amend: any amendment to state a § 1983 claim against private defendants under the circumstances alleged herein would be futile, see Janicki Logging Co. v. Mateer, 42 F.3d 561, 566 (9th Cir. 1994) (holding leave to amend need not be granted where amendment constitutes exercise in futility), and plaintiff cannot in good faith allege that the matter in controversy exceeds the sum or value of $75,000. The dismissal, however, will be without prejudice to plaintiff's filing an action in state court, should he choose to do so.

## CONCLUSION

For the reasons stated above, the complaint is hereby DISMISSED without leave to amend and without prejudice to refiling in state court.

The Clerk shall close the file.

IT IS SO ORDERED.

DATED: March 31, 2009

MAXINE M. CHESNEY
United States District Judge

3